**FILED**
DEC 14 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Michael K. Ciacci, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. **12 1999** |
| Barack H. Obama, President of the United States., | ) ) ) ) |
| Defendant. | ) ) |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's complaint and the accompanying application to proceed *in forma pauperis*. Plaintiff is a District of Columbia resident suing President Barack Obama in his official capacity. Such a claim is in effect against the United States. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). For the following reasons, the Court will dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff alleges that on February 14, 2009, his "unknown form of custody commenced for reasons and by means unknown to him." Compl. at 1. Plaintiff further alleges that he "experienced involuntary commitment and [] his custody is under the authority granted pursuant [to] authorization for Use of Military Force, 115 Stat. 224." *Id.* He seeks injunctive relief. *Id.*

Plaintiff purports to bring this action under 42 U.S.C. § 1983, but that statute, by its terms, does not apply to federal officials. Plaintiff also claims that he has exhausted his remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80. *Id.* at 1. But the

United States has consented to be sued under the FTCA only for monetary damages and "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.*, § 1346(b)(1). The FTCA does not apply to the instant complaint arising out of plaintiff's alleged federal custody. A separate Order of dismissal accompanies this Memorandum Opinion.

DATE: December 7, 2012

United States District Judge